# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

NAPOLEON HOWARD,

          Plaintiff,

-vs-

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE
COMPANY,

          Defendant.

_____ /

CASE NO.  05-CV-73995

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER
### (1) BIFURCATING THE TRIAL INTO LIABILITY AND DAMAGES PHASES; (2) DENYING DEFENDANT'S MOTION IN LIMINE TO DETERMINE THAT PLAINTIFF CONCEALED/MISREPRESENTED MATERIAL FACTS AND MADE FALSE STATEMENTS: (3) HOLDING IN ABEYANCE DEFENDANT'S MOTION IN LIMINE CONCERNING THE MORTGAGEE'S RIGHTS TO INSURANCE PROCEEDS; AND (4) HOLDING IN ABEYANCE DEFENDANT'S MOTION IN LIMINE TO BAR REFERENCE TO ATTORNEY'S FEES AND CONSEQUENTIAL DAMAGES

Before the Court are Defendant Metropolitan Group Property and Casualty Insurance

Company's ("Defendant") March 14, 2007 Motions in Limine: (1) To Determine that Plaintiff

Concealed and/or Misrepresented Material Facts and Made Material False Statements; (2)

Concerning Mortgagee's Rights to Insurance Proceeds; and (3) To Bar Reference to

Consequential Damages and Attorney's Fees. (Doc. Nos. 29, 30, 31). Plaintiff Napoleon Howard

("Plaintiff") filed Responses on March 29, 2007. The Court held a motion hearing on June 15,

2007. Having considered the entire record, and for the reasons that follow and that were stated

on the record, the Court DENIES Defendant's Motion to Determine that Plaintiff Concealed

and/or Misrepresented Material Facts and Made False Statements; HOLDS IN ABEYANCE

Defendant's Motion Concerning the Mortgagee's Rights to Insurance Proceeds; and HOLDS IN ABEYANCE Defendant's Motion to Bar Reference to Consequential Damages and Attorney's Fees.

## I. BACKGROUND

According to the Joint Final Pre-Trial Order, Plaintiff was the owner of a residence at 14955 Chelsea, Detroit, Michigan. Plaintiff had a mortgage on the residence through Ameriquest Mortgage Company. On February 25, 2005, Plaintiff's house caught on fire; and the structure of the house and his personal belongings were damaged. At the time of the fire, Plaintiff had an insurance policy with Defendant. Plaintiff subsequently made a timely insurance claim.

Defendant conducted an investigation of Plaintiff's claim, and subsequently denied it. Defendant informed Plaintiff that it was denying his claim because (1) his residence had been vacant for thirty (30) consecutive days prior to the fire, in violation of the insurance policy terms; and (2) Plaintiff had committed fraud and misrepresentation in presenting his claim. (Pl. Resp. Ex. A, March 31, 2005 Letter Denying Insurance Coverage).

On September 23, 2005, Plaintiff filed a six-count Complaint in Wayne County Circuit Court, asserting the following claims:

Count I:     Breach of Insurance Policy
Count II:    Violation of Michigan Uniform Trade Practices Act
Count III:   Consequential Damages
Count IV:    Exemplary Damages
Count V:     Failure to Investigate Plaintiff's Claim
Count VI:    Intentional Infliction of Emotional Distress

Defendant removed the case on the basis of diversity of citizenship to federal court on October 18, 2006. Defendant did not file a dispositive motion on any of Plaintiff's claims. Trial in this case is set to begin on July 19, 2007.

## II. ANALYSIS

### A. Motion in Limine to Determine that Plaintiff Concealed and/or Misrepresented Material Facts and Made Material False Statements

For the reasons stated on the record, the Court DENIES Defendant's Motion in Limine to Determine that Plaintiff Concealed and/or Misrepresented Material Facts and Made Material False Statements.

### B. Bifurcation of Trial

The United States Court of Appeals for the Sixth Circuit has recently summarized the analysis for the bifurcation of a trial under Fed. R. Civ. P. 42(b):

> A court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." In determining whether separate trials are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."

*Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations omitted); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (recognizing the decision to bifurcate a trial is within the discretion of the district court and can be made on its own motion); see *Helminski v. Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985) (holding that the bifurcation of a trial into liability and damages phases can be appropriate where the evidence pertinent to the two issues is "wholly unrelated" and where no prejudice results to either party).

In this case, the question of whether Defendant insurance company is obligated to compensate Plaintiff pursuant to a fire insurance policy is separate from the question of the amount of damages that Plaintiff incurred as a result of the fire. Hence, the Court finds that a bifurcation of the trial would advance the interests of convenience and economy and would not prejudice either party. The first phase of the trial will determine whether Defendant is liable to

Plaintiff under the insurance policy. If the jury finds that Defendant is liable in the first phase, the same jury in the second phase of the trial will determine appropriate damages.

### C. Defendant's Motions in Limine Concerning Damages

For the reasons stated on the record, the Court HOLDS IN ABEYANCE Defendant's Motions in Limine concerning the rights of the mortgagee, attorney's fees, and consequential damages.

## III. CONCLUSION

The Court hereby:

(1) **BIFURCATES** the trial to include a first phase to determine liability and a second phase to determine damages, if necessary;

(2) **DENIES** Defendant's Motion in Limine to Determine that Plaintiff Concealed and/or Misrepresented Material Facts and Made Material False Statements (Doc. No. 29);

(3) **HOLDS IN ABEYANCE** Defendant's Motion Concerning the Rights of the Mortgagee (Doc. No. 30); and

(4) **HOLDS IN ABEYANCE** Defendant's Motion to Bar Reference to Consequential Damages and Attorney's Fees (Doc. No. 31).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 22, 2007.

s/Denise Goodine
Case Manager